**NOT FOR PUBLICATION**

MAR 05 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DEMAR RHOME,<br><br>        Petitioner - Appellant,<br><br>   v.<br><br>RON FRAKER,<br><br>        Respondent - Appellee. | No. 12-35833<br><br>D.C. No. 2:09-cv-00085-RSL<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted February 7, 2014
Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges, and KOBAYASHI, District
Judge.[**]

    Demar Rhome appeals from the district court's denial of his petition for a

writ of habeas corpus, arguing that the Washington state courts' determinations

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Leslie E. Kobayashi, District Judge for the U.S.
District Court for the District of Hawaii, sitting by designation.

that he was competent to stand trial and that he knowingly and intelligently waived his right to counsel were unreasonable determinations of fact or unreasonable applications of clearly established federal law.[1]  28 U.S.C. § 2254(d).  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Rhome first argues that the Washington courts' determination that he was competent to stand trial was an unreasonable determination of the facts in light of the state courts' failure to consider the testimony of his counsel, their refusal to allow Rhome himself to testify at the competency hearing, and their adoption of an improper understanding of mental illness.  Competency is a question of fact. *Langford v. Day*, 110 F.3d 1380, 1390 (9th Cir. 1996).  In the context of a petition for habeas relief from a state prisoner, the factual findings of the state court are presumed correct absent "clear and convincing evidence to the contrary" and a finding that the state court was "objectively unreasonable."  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

---

[1] On habeas review, we analyze the "state court's last reasoned decision." *Ylst v. Nunnemaker*, 501 U.S. 797, 804-05 (1991).  Here, the decision of the Washington Superior Court was the last reasoned decision with respect to the competency issue, and the decision of the Washington Supreme Court was the last reasoned decision with respect to the waiver of counsel issue.  Both by necessity incorporate the actions and justifications of the trial court.

Contrary to Rhome's assertions, the trial court did consider the testimony of Rhome's counsel, but reasonably considered it less compelling than the contrary testimony of the state's mental health expert. *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004) (noting that a court need not expressly reject every piece of relevant evidence). Also, even though Rhome was not permitted to testify at his competency hearing, Rhome has not presented evidence that such testimony would "be sufficient to support petitioner's claim when considered in the context of the full record." *Id.* Finally, Rhome has not presented clear and convincing evidence that the trial judge improperly conflated the clinical definition of mental illness with the legal definition of competency.

Rhome's second argument is that the determination that he knowingly and intelligently waived his right to counsel was an unreasonable application of *Faretta v. California*, 422 U.S. 806 (1975), *Godinez v. Moran*, 509 U.S. 389 (1993), and *Iowa v. Tovar*, 541 U.S. 77 (2004). The question of whether a waiver of the constitutional right to counsel was proper is a question of law, but the subordinate question of whether that waiver was knowing and intelligent is a question of fact. *Collazo v. Estelle*, 940 F.2d 411, 416 (9th Cir. 1991). Thus, the same standard of review applies to this claim as to his claims regarding competency.

Rhome's challenge to the trial judge's *Faretta* colloquy may have some merit in light of Rhome's mental health issues, but Rhome has not shown clear and convincing evidence that the trial judge's determination that "the defendant actually *does* understand the significance and consequences of" waiving the right to counsel was objectively unreasonable. *Godinez,* 509 U.S. at 401 n.12 (emphasis in original). Rhome's argument that the trial judge was improperly predisposed towards accepting his waiver of counsel is unavailing; the record shows that the trial judge made a searching inquiry and gave Rhome plenty of warnings that representing himself was a bad idea. That Rhome went forward to represent himself with "eyes open" in no way supports his assertion that the trial judge was biased.

**AFFIRMED**.